## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LESA G. MORRAL,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0243** (BOR Appeal No. 2051618)
(Claim No. 2016018709)

**ARMSTRONG HARDWOOD FLOORING COMANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Lesa G. Morral, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Armstrong Hardwood Flooring Company, by Alyssa A. Sloan, its attorney, filed a timely response.

The issue on appeal is whether Ms. Morral is entitled to a reopening of her claim for additional temporary total disability benefits.  On July 21, 2016, the claims administrator denied the reopening of the claim for temporary total disability benefits. The Workers' Compensation Office of Judges affirmed the claims administrator's decision on October 7, 2016. This appeal arises from the Board of Review's Final Order dated February 21, 2017, in which the Board affirmed the February 21, 2017, Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Morral injured her low back, right buttock, and right leg while cleaning a piece of equipment while working for Armstrong Hardwood Flooring Company on December 17, 2015. She was initially treated at Elkins Express Care and later came under the care and treatment of Russell Biundo, M.D. The claims administrator authorized an MRI of the lumbar spine on January 29, 2016. The MRI showed loss of intervertebral disc space height and hydration at L5-

1

S1; mild disc bulge and facet arthropathy at L2-L3; mild disc bulge and facet arthropathy at L3-L4; mild disc bulge at L4-L5; and a generalized disc bulge with central disc protrusion at L5-S1, including mild facet arthropathy, mild central canal stenosis, with bilateral lateral recess stenosis, and central disc protrusion in close proximity to the traversing bilateral S1 nerve roots. The claims administrator held the claim compensable on February 16, 2016, on a no lost time basis. The claim was held compensable for a sprain of ligaments of the lumbar spine and lumbago with sciatica, right side. Ms. Morral protested the compensability order.

Ms. Morral was treated by Dr. Biundo on March 31, 2016, at which time he reviewed an MRI of her lumbosacral spine. Dr. Biundo noted that the MRI reveals Ms. Morral has an L5-S1 herniated disc with right L5-S1 radiculopathy. Physical therapy was recommended, along with a modified work schedule. She was prescribed Neurontin to control her pain.

The record shows that Ms. Morral underwent physical therapy with Elkins Physical Therapy from April 6, 2016, through May 20, 2016, for lumbar intervertebral disc displacement. Records indicate she had good progress with physical therapy. Her activity and sleep tolerance improved with treatment. On May 12, 2016, Dr. Biundo re-evaluated Ms. Morral's condition and once again he diagnosed her with a lumbar herniated disc.

On April 14, 2016, Ms. Morral's deposition was taken. She testified that on December 17, 2015, she was on her knees cleaning out the undersurface of a running board machine when she felt a pulling sensation in her low back. She was informed by Dr. Biundo that the herniated disc in her lumbar spine was putting pressure on the sciatic nerve and causing symptoms in her right lower extremity. Eventually, Dr. Biundo recommended physical therapy and placed Ms. Morral on a light duty work schedule. Ms. Morral testified that she was missing two to three days a week until she completely ceased working on April 1, 2016. She testified that she was participating in physical therapy and was unable to sleep at night. Ms. Morral also stated that she cannot stand or sit for more than thirty minutes at a time. She stated she is unable to perform her job duties at the same pace and rate as before the December 17, 2015, injury.

Ms. Morral filed a Claims Reopening Form on July 13, 2016, and requested temporary total disability benefits from March 31, 2016, through July 31, 2016. Dr. Biundo signed the physician's portion of the form and listed Ms. Morral's present diagnosis as being a lumbar herniated disc. He indicated that there had been an aggravation or progression of Ms. Morral's disability due to increased pain, as well as an opinion that her current condition is a direct result of her compensable injury. On July 21, 2016, the claims administrator denied the request to reopen the claim and indicated that the request was based upon treatment for an unrelated condition. Ms. Morral protested the claims administrator's decision.

On October 7, 2016, the Office of Judges issued a Decision in which it affirmed the claims administrator's Order denying reopening of the claim. The Office of Judges found that all of Dr. Biundo's findings and conclusions were based upon a diagnosis of lumbar herniated disc, which has not been recognized as a compensable diagnosis in the claim. Dr. Biundo's medical records of March 31, 2016, indicate the claimant was taken off work due to a diagnosis of lumbar herniated disc with right L5-S1 radiculopathy. Ms. Morral was treated with physical

therapy from approximately April 6, 2016, through May 20, 2016, for treatment of lumbar intervertebral disc displacement. In addition, Dr. Biundo's medical records of May 12, 2016, and July 5, 2016, indicate Ms. Morral's continuing disability and the need for ongoing medical treatment were due to the lumbar herniated disc. Finally, the reopening request only mentions Ms. Morral's lumbar herniated disc. The Office of Judges stated that although Dr. Biundo does indicate Ms. Morral's condition is causally related to the compensable injury, all of his findings and conclusions are predicated upon a diagnosis of lumbar herniated disc. Thus, the Office of Judges concluded that the reopening application is based upon a non-compensable condition. The Board of Review adopted the findings and conclusions of law of the Office of Judges and affirmed its Decision on February 21, 2017.

We agree with the decision of the Board of Review. According to the findings of the Office of Judges and medical evidence of record, Dr. Biundo's treatment is clearly in regard to a lumbar disc herniation, which is a non-compensable condition in the claim. A request to have the lumbar herniated disc added as a compensable condition to the claim has not been received by the claims administrator. The evidence contained in the record shows that the Board of Review did not err in affirming the order denying the request to reopen the claim for the payment of additional temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum